# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 1, 2008

**Before**[1]

FRANK H. EASTERBROOK, *Chief Judge*
RICHARD A. POSNER, *Circuit Judge*
KENNETH F. RIPPLE, *Circuit Judge*
DANIEL A. MANION, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*
DIANE P. WOOD, *Circuit Judge*
TERENCE T. EVANS, *Circuit Judge*
ANN CLAIRE WILLIAMS, *Circuit Judge*
DIANE S. SYKES, *Circuit Judge*
JOHN DANIEL TINDER, *Circuit Judge*

Nos. 06-4251, 06-4252 & 06-4254

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT SORICH, TIMOTHY MCCARTHY,
and PATRICK SLATTERY,

*Defendants-Appellants.*

_____

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 644—**David H. Coar**, *Judge*.

_____

[1] Judge Flaum and Judge Rovner did not participate in the consideration of the petition.

**O R D E R**

On April 22, 2008, defendants-appellants filed a joint petition for panel rehearing with suggestion for rehearing *en banc*, and on May 15, 2008, plaintiff-appellee filed an answer to the petition. All members of the original panel have voted to DENY the petition for rehearing. A vote was requested on the petition for rehearing *en banc*, and a majority of the judges voting did not favor rehearing *en banc*. The petition for rehearing *en banc*, accordingly, is also DENIED.

Judge Kanne's opinion dissenting from the denial of rehearing *en banc*, which Judge Posner has joined, is appended.

KANNE, *Circuit Judge*, joined by POSNER, *Circuit Judge*, dissenting from the denial of rehearing *en banc*. Without explicitly saying so, we have left the impression that the use of political patronage in personnel hiring by the City of Chicago is a crime. Although no legislatively defined criminal offense outlaws patronage hiring by government entities in Illinois, such hiring is now seen as a crime because it violates the *Shakman* decrees—never mind that *Shakman* is simply a series of civil consent decrees subject only to civil penalties, and imposition of contempt if wilfully violated. Now, by judicial fiat, the *Shakman* decrees can operate to create a fiduciary duty, which, if violated, deprives the public of "honest services,"

and thus is a basis for a federal crime under the mail-fraud statute, 18 U.S.C. § 1346.

We have recognized that the honest-services mail-fraud statute, construed broadly, would sweep within its reach a host of violations of state-law fiduciary duties simply because the mails are used in the process. *See United States v. Bloom*, 149 F.3d 649, 653 (7th Cir. 1998). But because all deceits are not criminal frauds, we have decided to limit the language of § 1346 to criminalize only frauds that result in a private gain. *Id*. at 655. "Misuse of office (more broadly, misuse of position) for private gain is the line that separates run of the mill violations of state-law fiduciary duty . . . from federal crime." *Id*.

Among the questions with which the panel grappled in this case (and which this court has faced in numerous recent cases) are: Where we should draw that line? What exactly constitutes a private gain? Who must receive the private gain in order for it to "count" for purposes of the mail-fraud statute? Initially, it seemed that our answer to these questions was that a private gain had to be personal to the alleged perpetrator of the fraudulent scheme. *See United States v. Hausmann*, 345 F.3d 952, 956 (7th Cir. 2003); *Bloom*, 149 F.3d at 657. But that is no longer the case, for we have noted that "[a] participant in a scheme to defraud is guilty even if he is an altruist and all the benefits of the fraud accrue to other participants." *United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005). The debate seems to be whether the private gain must accrue to a participant in the fraudulent scheme or, alternatively, whether it is enough that some sort of private gain accrues to some person somewhere. The panel decision, relying on *Spano*, concludes that gain appreciated by *any* individual—even an individual unaware of the

fraud—suffices for the private gain limiting principle of the honest-services mail-fraud statute that we have fashioned in our circuit. *See United States v. Sorich*, 523 F.3d 702, 710 (7th Cir. 2008).

In my view, the panel decision greatly expands the scope of honest-services mail fraud. In *United States v. Thompson*, we noted that "an increase in official salary, or a psychic benefit such as basking in a superior's approbation (and thinking one's job more secure), is not the sort of 'private gain' that makes an act criminal under § 1341 and § 1346." 484 F.3d 877, 885 (7th Cir. 2007). In light of that rule, and in light of the lack of proof of personal gain by the defendants in this case, the panel explicitly held that private gain to unrelated third parties (*i.e.*, the gain that recipients of the city jobs received) brought the defendants' conduct within § 1346. *See Sorich*, 523 F.3d at 709-11. The examples cited by the panel decision about a defendant funneling benefits to charities or to "an estranged brother" highlight the expansion I am concerned about. *See id.* at 709-10*.* The panel opinion will allow the federal government to prosecute honest-services cases by invoking a benefit received by unrelated, unaware-of-the-fraud third parties who received contracts or benefits as "private gain"—the actions that we cautioned against making federal crimes in *Bloom* and *Thompson* seem to now come within the statute.

In this sense, I believe that the petition for rehearing *en banc* raised very real concerns about our misuse-of-position-for-private-gain limitation on § 1346. And this limitation has grown increasingly important given the number of high profile cases that this court has faced or will face that involve the honest-services statute.

I also believe that *en banc* review is appropriate given the panel's conclusion that, in lieu of state law, the *Shakman* decrees can be a source of fiduciary duty that predicates prosecutions of public officials for their alleged deprivation of honest services to the public. The panel supports its conclusion by stating that we have determined that "other sources" can give rise to a fiduciary duty, and that, in any event, we have never adopted the "state-law limiting principle" (as have the Third Circuit, *United States v. Murphy*, 323 F.3d 102, 116-17 (3d Cir. 2003), and Fifth Circuit, *United States v. Brumley*, 116 F.3d 728, 734-35 (5th Cir. 1997)), to hold that a public official's fiduciary duty must stem from state law. *See Sorich*, 523 F.3d at 712.

I have reservations about the panel's treatment of this issue. The panel's conclusion that the fiduciary duty under § 1346 can arise from "other sources" than state law is based on two cases in which the defendant was actually employed as a fiduciary. *United States v. Williams*, 441 F.3d 716, 723-24 (9th Cir. 2006); *United States v. George*, 477 F.2d 508, 541 n.7 (7th Cir. 1973). The duty arising in those cases did not stem from sources "other" than state law, as suggested in the panel opinion, but rather from the nature of the defendants' employment. The panel also suggests, without actually deciding, that merely holding public office gives rise to fiduciary duties. But finding that an individual may be prosecuted under § 1346 for breaching a fiduciary duty stemming from the nature of his employment is vastly different from finding that a prosecution under § 1346 can be maintained for violating federal, civil-action consent decrees entered against unrelated parties.

I am also troubled by the panel's refusal to consider whether we should adopt the state-law limiting principle.

Although the panel was correct that we have never held that a fiduciary duty must stem from state law, we did leave that question open in *United States v. Martin*, 195 F.3d 961, 967 (7th Cir. 1999), and have not since resolved the issue definitively. Sorich raised the issue, discussed both the Third and Fifth Circuits' positions, and asked us to "reexamine" our position regarding the adoption of the state-law limiting principle. Given the obvious federalism concerns that the "other sources" position implicates (*i.e.*, potentially allowing federal prosecutors to usurp the role of state authorities to redress state crimes just because the federal mails are used), it would have been prudent for us to accept the appellants' invitation now, and revisit *en banc* whether we should follow the Third and Fifth Circuits and adopt the state-law limiting principle.

In sum, this case presented an appropriate vehicle to consider, as an entire court, both our position regarding the misuse-of-position-for-private-gain limitation and the state-law limiting principle. I have substantial concern about taking the position—absent *en banc* review— that a person can be prosecuted under § 1346 where (1) neither the defendant nor his co-schemers benefitted from the fraud, and (2) the source of the fiduciary duty is a federal civil consent decree between two unrelated parties, which does not carry the force of state law.

For the foregoing reasons, I respectfully dissent from the denial of the petition for rehearing *en banc*.